FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 05, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONNELLE C. VELASQUEZ,<br><br>Defendant. | Nos. 2:24-CR-00123-TOR-1<br><br>ORDER RELEASING DEFENDANT TO INPATIENT SUBSTANCE ABUSE TREATMENT<br><br>**MOTION GRANTED<br>(ECF NO. 19)** |

On October 31, 2024, the Court held a hearing to consider Defendant DONNELLE C. VELASQUEZ' Motion for Reconsideration of Detention Pursuant to 18. U.S.C. §3142 (f), **ECF No. 19**. Defendant appeared in custody represented by Assistant Federal Defender Adrien Fox. Assistant United States Attorney Caitlin Baunsgard represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

Defendant seeks temporary release from detention to attend inpatient substance abuse treatment. The United States opposes Defendant's release. U.S. Probation does not oppose Defendant's release to attend inpatient substance abuse treatment.

The Defendant, through counsel, proffered the Supplemental Pretrial Services Report, ECF No. 20; made factual proffers; and argued in support of Defendant's release. Defendant contended there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community if Defendant

ORDER - 1

were released.

The United States made factual proffers and asserted there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

The Court reviewed Defendant's Motion for Reconsideration of Detention Pursuant to 18. U.S.C. §3142 (f), **ECF No. 19**; the Supplemental Pretrial Services Report, **ECF 20**; the arguments and proffers of counsel; and the file in this case. Pursuant to 18 U.S.C. § 3142, the Court also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  The Court also considered that a rebuttable presumption[1] of detention applies in this case pursuant

---

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)."  *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

ORDER - 2

to 18 U.S.C. § 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. The United States previously invoked the presumption of detention. ECF No. 8 at 3.

The Court finds: 1) pursuant to 18 U.S.C. § 3142(i), a compelling reason exists for the temporary release of Defendant for the purpose of seeking inpatient substance abuse treatment when a bed date becomes available; 2) the release conditions imposed by the Court are sufficient to overcome the presumption of detention in this case; 3) the release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released.

Accordingly, the Court finding good cause, **IT IS ORDERED:**

1. Defendant's Motion, **ECF No. 19** is **GRANTED**. Pursuant to 18 U.S.C. § 3142(i), Defendant shall be released to an inpatient substance abuse facility on Thursday, November 7, 2024, at 2 PM, to staff with Pioneer Human Services to be transported directly to SPARC for inpatient treatment. **PROVIDED** that Defendant's treatment and release from custody is on the express condition that treatment does not hinder or delay the adjudication of this case, and that the Defendant appear in person when required regardless of treatment status and maintain adequate contact with defense counsel.

2. Defendant, through counsel, shall file a proposed release plan prior to a status hearing if Defendant seeks continued release following successful completion of inpatient substance abuse treatment.

3. If a party seeks reconsideration of Defendant's detention before this

ORDER - 3

Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

      4.     If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

      5.     <u>**Absent further order of the Court, Defendant shall return to the custody of the U.S. Marshal upon completion of treatment.**</u>  While temporarily released from the U.S. Marshal's custody, Defendant shall be subject to the following conditions:

ORDER - 4

| | **GENERAL CONDITIONS** |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation.  Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 3 | Defendant shall sign and complete A.O. Form 199C before being released.  Defendant shall reside at the inpatient substance abuse treatment facility at all times unless authorized by the Court. |
| 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms where Defendant resides. |
| 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| 7 | Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
| 8 | Defendant shall remain in the Eastern District of Washington while the case is pending.  Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation. |
| 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may |

ORDER - 5

| | |
|---|---|
| | become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| 10 | Defendant shall contact defense counsel at least once a week. |
| | **INPATIENT TREATMENT AND CONTROLLED SUBSTANCES** |
| 11 | Defendant shall enter into and successfully complete an inpatient treatment program when a bed date is available. Defense counsel shall notify the Court once a date is obtained. Pretrial Services will monitor Defendant while in treatment. Defendant shall comply with all directives of the U.S. Probation Officer. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers. |
| 12 | **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. |
| 13 | **Prohibited Substance Testing**: <u>Defendant shall submit to random controlled substance testing as required by the inpatient substance abuse treatment facility at any frequency directed by the facility. Pretrial Services may supplement any controlled substance testing and such supplemental testing shall not exceed six (6) times per month.</u> Defendant shall submit to any method of testing required by the inpatient substance abuse treatment facility and/or Pretrial Services for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not in any way obstruct or attempt to obstruct or |

| | |
|---|---|
| | tamper with the efficiency and accuracy of prohibited substance testing. |
| 14 | **Alcohol Prohibition:** Defendant shall not use or possess any alcoholic beverage.  There shall be no alcohol where Defendant resides. Defendant shall not go to any establishment where alcohol is the primary item of sale. |
| 15 | If Defendant terminates any substance abuse and/or mental health treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer, and Defendant shall immediately return to the custody of the U.S. Marshal. |
| 16 | **Following inpatient substance abuse treatment, Defendant shall return to the custody of the U.S. Marshal Service.** |

**IT IS SO ORDERED.**

DATED November 5, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7